# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SAMANTHA HAMRICK,**

**Plaintiff,**

**v.**                                                                    **Case No: 6:22-cv-2321-CEM-DCI**

**THE CITY OF MELBOURNE and
PETER DOLCI,**

**Defendants.**

---

# ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendants' Joint Motion for Leave to Amend Answers and Affirmative Defenses (Doc. 30)** |
| **FILED:** | **September 8, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.      Background

Plaintiff initiated this civil rights case against Defendants pursuant to 42 U.S.C. § 1983. Doc 1.  On January 8, 2023 and January 21, 2023, Defendant City of Melbourne and Defendant Peter Dolci filed their respective Answers and Affirmative Defenses.  Docs. 14, 19.  The Court then entered the Case Management and Scheduling Order to set the deadlines in this case including April 24, 2023, to amend pleadings.  Doc. 25 (the CMSO).  Pending before the Court is Defendants' Joint Motion for Leave to Amend Answers and Affirmative Defenses.  Doc. 30 (the Motion).  Specifically, pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4),

Defendants seek leave to add an affirmative defense based on Florida Statutes section 741.29. Doc. 30 at 2. Defendants contend that the "the requested domestic violence immunity affirmative defense does not introduce unrelated or wildly new concepts to the pleadings" and the "statute-specific affirmative defense for immunity for an arrest based on probable cause is not an unfamiliar concept in this case." Doc. 30. Plaintiff objects to the requested relief because Defendants have not established good cause for the extension. Doc. 31. The Court agrees with Plaintiff.

## II.      Standard

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). A party may amend a pleading "with the opposing party's written consent or the court's leave," which must be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court must provide substantial justification if it denies a timely filed motion for leave to amend. *Laurie*, 256 F.3d at 1274.

Once the Court enters a scheduling order setting a deadline to amend the pleadings, the deadline to amend the pleadings may only be modified for "good cause" and with the Court's consent. Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Rule 16(b)(4) provides that a case management and scheduling order "may be modified only for good cause and with the judge's consent." "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted). The CMSO also warns "[a]ll motions for extension of deadlines must be filed promptly and must state good cause for the extension." Doc. 25 at 3.

### III.     Discussion

Defendants move to amend the affirmative defense after the deadline to do so has passed. Thus, Defendants must demonstrate good cause under Rule 16 before the Court will consider whether amendment is proper under Rule 15.  *Sosa*, 133 F.3d at 1419.  Because the Court finds that Defendants failed to demonstrate good cause for belatedly seeking leave to add an affirmative defense, the Court need not reach the Rule 15 inquiry.

Defendants spend much of the Motion addressing Rule 15 but mention the good cause standard and assert that it is met.  Specifically, Defendants state that they have good cause to seek amendment to the CMSO simply because they inadvertently failed to include the defense.  Doc. 30 at 4-5.  That statement is not enough.  "In assessing diligence, courts may consider: '(1) whether the plaintiff failed to ascertain facts prior to filing the complaint or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the plaintiff, and (3) whether, even after acquiring the information, the plaintiff delayed in requesting leave to amend.'"  *Polk v. GM LLC*, 2023 WL 6292032, at *2 (M.D. Fla. Apr. 28, 2023) (quoting *Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 616-17 (M.D. Fla. 2015)).

In the instant case, absent from the Motion is an explanation as to when Defendants discovered the error and why they could not meet the April deadline despite their diligence.  *See* Doc. 30.  There is no information regarding diligence at all.  There is also no contention that the facts supporting the amendment—the statutory support for the affirmative defense—were not ascertainable in such a way that would preclude Defendants from complying with the schedule. Diligence is the touchstone of Rule 16(b)(4), and Defendants' conclusory statement that it exists because of the oversight is an insufficient basis for relief.

**IV.      Conclusion**

Based on the foregoing, the Motion (Doc. 30) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 16, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE